IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARLAND LENOIR, III, | § |
| Movant, | § |
| V. | § NO. 4:20-CV-448-O |
| | § (NO. 4:17-CR-114-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

## OPINION AND ORDER

Came on for consideration the motion of Garland Lenoir, III, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-114-O, styled "United States v. Garland Gilmore Lenoir, III, et al.," and applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On July 19, 2017, movant was named with others in a two-count indictment charging him in count one with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and in count two with using, carrying, and brandishing a firearm during and in relation to a crime of violence as alleged in count one, in violation of 18 U.S.C. § 924(c)(a)(A)(ii) and 2. CR Doc.[1] 39. Movant entered a plea of not guilty. CR Doc. 82. He later entered into a plea agreement with the government. CR Doc. 96. Movant and his attorney signed the plea agreement, *id.*, and a

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-114-O.

factual resume. CR Doc. 95. The factual resume set forth the penalties movant faced, the elements of the offenses charged in the indictment, and the stipulated facts establishing that movant had committed the offenses. *Id*. The plea agreement stated that movant faced a term of imprisonment of not more than twenty years as to count one and not more than life as to count two, which sentence would run consecutive to any sentence on count one. CR Doc. 96 at 2–3. The plea agreement further stated that movant understood his sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding, but advisory only; that no one could predict movant's sentence; and, that movant would not be allowed to withdraw his plea if the sentence was higher than expected. *Id.* at 3–4. The plea agreement also included a waiver of right to appeal or otherwise challenge sentence. *Id.* at 7–8. And, it stated that the plea was freely and voluntarily made and was not the result of force or threats, or of promises other than as set forth in the agreement. *Id.* at 7. The agreement further stated that movant had thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with counsel's legal representation. *Id.*

On October 4, 2017, movant appeared before the United States Magistrate Judge to enter a plea of guilty to the indictment. CR Doc. 99. Movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 100. Movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into

2

account other facts; he committed the essential elements of the offenses; he had had sufficient time to discuss the case and the charges against him with his attorney and he was satisfied with the representation provided; he read the plea agreement, understood it, discussed it with his attorney, and asked the Court to accept and approve it; he was waiving his right to appeal; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and the stipulated facts in the factual resume were true and correct. CR Doc. 172 at 3–31. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 31–32. He issued a report and recommendation that the plea be accepted. CR Doc. 101. Movant did not file objections and the Court accepted the plea. CR Doc. 108.

The probation officer prepared the presentence report ("PSR"), which reflected that movant was a career offender. As such, movant's guideline imprisonment range was 262 to 327 months. CR Doc. 129, ¶ 114. The PSR also contained discussions of factors that might warrant departure, *id.* ¶ 130, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 131. Movant filed objections, CR Doc. 141, and the probation officer prepared an addendum to the PSR. CR Doc. 155. The government filed a motion for downward departure, CR Doc. 144, which it later amended. CR Doc. 159. Movant filed a sentencing memorandum. CR Doc. 161.

The Court sentenced movant to a term of imprisonment of 137 months as to count one of the indictment and 84 months as to count two, to run consecutive to the sentence in count one. CR Doc. 166. Movant appealed. CR Doc. 170. His attorney filed a motion and brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The appeal was dismissed. *United States v. Lenoir*, 751 F. App'x 610 (5th Cir. 2019).

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. In his first and second grounds, he says that he is not guilty of a violation of 18 U.S.C. § 924(c), because neither Hobbs Act robbery nor aiding and abetting Hobbs Act robbery is a crime of violence. Doc.[2] 1 at 7. In his third ground, movant says that his plea was not knowing and voluntary because he was not informed of the mandatory minimum sentence required to be imposed under 18 U.S.C. § 924(c). *Id.*

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

As the government notes, movant's first two claims are procedurally barred, as he failed to raise them on appeal. Doc. 6 at 5 (citing *Shaid*, 937 F.2d at 242). He has not made any attempt to show cause and prejudice to be able to proceed. That *United States v. Davis*, 139 S. Ct. 2319 (2019), had not yet been issued does not excuse his failure to raise these grounds. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In any event, movant's grounds fail on the merits. Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c), *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017), as is aiding and abetting Hobbs Act robbery. *United States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1215–16 (10th Cir. 2018); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

In his third ground, movant says that his plea was not knowing and voluntary, because his counsel misadvised him that he was facing only 7–10 years if he pleaded guilty. He claims that the plea agreement itself and the magistrate judge at rearraignment advised movant that he could receive a maximum sentence of life, but not that the § 924(c) count carried a mandatory minimum sentence of 84 months. Doc. 1 at 7. Again, this ground could and should have been raised on appeal and is procedurally barred. *Shaid*, 937 F.2d at 232.

Movant alleges that he received ineffective assistance of counsel because he was not apprised of the mandatory minimum sentence. Movant does not offer any evidence but his own conclusory statement in support of this ground. Conclusory claims do not raise constitutional issues. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). And, he has made no attempt to

6

show that but for counsel's errors, he would not have pleaded guilty but would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The evidence is to the contrary. By his own admission, movant received and reviewed with counsel his PSR. CR Doc. 171 at 2. The PSR states that the minimum term of imprisonment as to count two is 7 years and the maximum is life. CR Doc. 129, ¶ 113. Movant did not object to the PSR or in any other way make known to the Court that he did not know of the statutory minimum sentence. His failure to take issue with his potential sentence suggests that the failure to inform him of his sentencing exposure was not a significant factor in his decision to plead guilty. *United States v. Zamora-Andrade*, 544 F. App'x 435, 439 (5th Cir. 2013)(citing *United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999)). He did not attempt to withdraw his plea. *United States v. Huey*, 194 F. App'x 265, 266 (5th Cir. 2006)(citing *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993)(*en banc*)), further suggesting that the mandatory minimum sentence did not play a role in his decision to plead guilty.

As movant recognized in executing the plea agreement, no one could predict the outcome of the Court's consideration of the guidelines in his case and he would not be allowed to withdraw his plea if his sentence was higher than expected. CR Doc. 96 at 3–4. Further, the agreement stated that no one had made any promises apart from those set forth in the plea agreement and that there had been no guarantees or promises from anyone as to what sentence the Court would impose. *Id.* 7. He likewise testified at rearraignment that no promise had been made to induce him to plead guilty. CR Doc. 172 at 23.

Any contention that movant's plea was not knowing and voluntary is belied by the record. Movant's sworn statements at his rearraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *Hobbs v.*

7

*Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 22nd day of March, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE